### E. A. LYNN *v.* J. S. LYNN.

**Limitations—Release from Execution—Injunction—Pleading.**
> Where no execution has been issued on a judgment for more than seven years, under the provisions of Rev. Stat., chap. 97, § 12, no execution may lawfully issue.

**Pleading.**
> Where a defendant to an action for injunction against the issuance of an execution relies upon the non-intercourse proclamation of the President of the United States, dated August 16, 1861, as an excuse for his failure to have execution, he must show clearly that he was a resident of a state in rebellion at the time the proclamation was issued. A pleading is to be taken most strongly against the pleader.

**Injunction.**
> Injunction will be issued to prevent execution on a judgment standing without execution for more than seven years, in the absence of a valid excuse for failure to have an execution during such time.

APPEAL FROM UNION CIRCUIT COURT.

September 23, 1874.

OPINION BY JUDGE COFER:

The appellant having obtained judgment at law against appellee

as surety for Vaughn on May 15, 1862, caused execution to issue thereon, which was returned no property found. No other execution was issued until February 26, 1872, a period of nine years, nine months and thirteen days, when the appellee filed his petition in equity seeking a perpetual injunction of the judgment on the ground that he had been released by the failure to issue execution for a period of more than seven years. Sec. 12, Chap. 97, Revised Statutes.

To this petition the appellant filed answer, alleging, in substance, that he removed to, and became a citizen of and resident in the state of Texas during the year 1860, or 1861, and had resided there ever since; that Texas was one of the seceded states engaged in war with the United States during the late Civil War, and praying that the injunction be dissolved. The appellee demurred to the answer; and the demurrer being sustained, and appellant failing to plead further, the injunction was made perpetual, and this appeal is prosecuted to reverse that judgment.

It is insisted by counsel for appellant that as he was a citizen of and resident in the state of Texas, and that state was engaged in war with the United States, while this state adhered to the cause of the United States during the war, the time of his residence in Texas, up to the close of the war, should be deducted from the time that elapsed between the issuing of the first and last execution.

We do not think the answer is sufficient to raise that question. The place of appellant's residence before this removal to Texas is not stated, but as he brought his suit in this state, and recovered judgment in 1862, we must assume that his residence was here up to the time of his removal to Texas. He says he removed to Texas in 1860, or in 1864. But the precise time not being stated we must, in obedience to the rule that an ambiguous or uncertain plea shall be construed most strongly against the pleader, assume as the time of his removal that which is most unfavorable to him.

The non-intercourse proclamation of the president of the United States was issued August 16, 1861, forbidding all intercourse between the states adhering to the government of the United States, and the states in rebellion, of which latter, Texas was one. If the appellant voluntarily left the state of Kentucky after the date of this proclamation, and went to Texas, he cannot now set up that absense, and the existence of the war, as a reason why the statute of limitations should not run against him; and as he has failed to state at what time he went, we must presume he went after August 16,

1861. The judgment sustaining the demurrer was therefore right. There can be no doubt that the failure to cause execution to issue on the judgment for a period of seven years, discharged appellee from liability, on account of the judgment against him as surety.

Wherefore the judgment is *affirmed*.

*K. Chapeze, for appellant.*

*S. C. Hughes, for appellee.*